IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **UNDER SEAL** |
| AJEE WHITTER,<br>a/k/a "Glockz," | Criminal No. 1:22-mj-195 |
| *Defendant.* | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Samuel F. Supnick, being duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1.      This affidavit is submitted in support of a criminal complaint and arrest warrant charging AJEE WHITTER, also known as "Glockz," (hereinafter, "WHITTER") with possessing ammunition, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

2.      I am "an investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am an officer of the United States who is empowered by law to conduct investigations of and make arrests for the offenses enumerated in Titles 18, 21, and 26 of the United States Code.

3.      I have been a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") since 2017.  Through the ATF, I attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, as well as the Special Agent Basic

1

Training Program at the ATF National Academy.  During these programs, I received training regarding the investigation of violations of federal firearms, narcotics, explosives, and arson statutes.  Prior to employment with ATF, I served for approximately three and a half years as an officer with the Montgomery County, Maryland Police Department.  My training and experience has involved, among other things: (1) the debriefing of defendants, witnesses, and informants, as well as others who have knowledge of the purchase, possession, distribution, and transportation of firearms and controlled substances and of the laundering and concealment of proceeds of firearms and drug trafficking; (2) surveillance; (3) analysis and processing of documentary, electronic, and physical evidence; (4) the legal and illegal purchase of firearms; (5) the execution of arrest and search warrants seeking firearms and narcotics; and (6) firearms trafficking.

4.     This affidavit is intended to show only that there is probable cause and does not set forth each and every fact observed by me or known to the government.  Facts not set forth herein are not being relied upon in this affidavit in support of the warrant.  I make this affidavit based, in part, on my personal knowledge and observations derived from my participation in this investigation, my background and experience as a Special Agent of the ATF, information provided by other agents and law enforcement officers, reports and data provided by other officers which I have read and reviewed, and, in part, upon information and belief.

## PROBABLE CAUSE

### April 11, 2022 Arrest of WHITTER

5.     On April 11, 2022, a Fairfax County Police Department ("FCPD") Detective acting in an undercover capacity (hereinafter, "Det. 1"), arranged to purchase narcotics from WHITTER via a phone conversation with an unindicted co-conspirator ("UCC-1").  Det. 1 was told to meet

at the Beacon of Groveton apartment building, located at 6870 Richmond Highway, Alexandria, Virginia, a location within the Eastern District of Virginia.

6.      When Det. 1 arrived at the above location, he observed a Cadillac Escalade parked next to a silver or gray BMW sedan, with three black males standing in between the two vehicles. Det. 1 recognized one of the males as UCC-1.  Det. 1 also observed that another of the subjects resembled WHITTER and was later identified as such.  The third subject was later identified as another unindicted co-conspirator ("UCC-2").

7.      Det. 1 notified UCC-1 of his arrival, and UCC-1 verified the vehicle Det. 1 was driving.  UCC-1 directed Det. 1 to meet him in the parking garage for the apartments.  Det. 1 followed UCC-1 into the garage on foot.  Once inside the garage, UCC-1 asked Det. 1 for the money.  Det. 1 replied that he needed to see the drugs first. UCC-1 pointed to a plastic bag and loose pills sitting next to a traffic cone on the ground.  Det. 1 provided UCC-1 with $500 in pre-recorded funds.  UCC-1 then walked back to the parked vehicles and entered the driver's seat of the BMW sedan.  WHITTER and UCC-2 entered the Escalade.  As the vehicles began to leave the parking lot, FCPD personnel moved in to arrest WHITTER, UCC-1, and UCC-2.

8.      UCC-1 was taken into custody after ramming a police vehicle and fleeing first in a vehicle and then on foot.  FCPD personnel stopped the Escalade at the location of the undercover purchase.  The occupants of the Escalade at the time it was stopped were its driver, who was determined to be uninvolved, WHITTER, and UCC-2.  WHITTER was observed by an FCPD detective throwing a black satchel into the back of the vehicle.  The satchel was found to contain a Polymer80, model PF940C, 9x19mm caliber pistol bearing no serial number.  The pistol was loaded with a drum-type magazine at the time of its recovery and an additional magazine was

located in the satchel.  The two (2) magazines were later found to contain a total of approximately

fifty-six (56) rounds of assorted brand, 9mm Luger caliber ammunition.  At the time of his arrest,

WHITTER was also found to be in possession of the five hundred dollars ($500) in pre-recorded

buy funds from the preceding transaction between UCC-1 and Det. 1.

   9. At the time of his arrest, UCC-2 was seated in the middle row of the Escalade.  An

FCPD detective observed UCC-2 bent forward but was unable to see his hands.  At UCC-2's feet

and pushed under the front passenger seat was a Glock, model 22, .40 S&W caliber pistol, bearing

serial number BGWY915.  Next to the firearm was an orange pill bottle containing approximately

seventy (70) suspected pressed fentanyl pills.  Also located in the middle seat area of the vehicle

was a small black bag containing approximately two (2) grams of suspected cocaine and a white

pill bottle containing half of a suspected oxycodone pill.

   10. Following his arrest, law enforcement learned that WHITTER was a convicted

felon, and therefore prohibited from possessing ammunition.  Via a records check inquiry run

through the National Crime Information Center ("NCIC"), your Affiant determined that

WHITTER has been previously convicted of multiple felony offenses in the Commonwealth of

Virginia.  Your Affiant reviewed court records and learned that WHITTER was convicted in Prince

William County in 2013 of felony Grand Larceny, pursuant to Virginia State Code Section 18.2-

95.  WHITTER received a four-year sentence with all four years suspended for this offense.  Also

in 2013, WHITTER was convicted in Prince William County of felony Robbery, pursuant to

Virginia State Code Section 18.2-58.  In 2015, WHITTER received a 20-year sentence with 16.5

years suspended for this offense.

## Instagram account "professorglockz"

11.     During the course of his investigation, your Affiant learned from another law enforcement officer that WHITTER had been identified as using an Instagram account with the screenname "professorglockz," which is no longer active.  On May 26, 2022, the Honorable William E. Fitzpatrick issued a search warrant to Meta Platforms, Inc. for the "professorglockz" Instagram account (1:22-SW-308).  In reviewing the search warrant return from Meta Platforms, Inc. ("Return"), your Affiant identified the below photographs of a firearm consistent in appearance with the above-referenced Polymer80 pistol found in the black satchel thrown by WHITTER.  One of the photographs depicts the firearm with a drum-type magazine consistent in appearance with the magazine recovered loaded in the firearm.  The stick-type magazine depicted in the below photographs is not consistent in appearance with the other magazine recovered from the satchel.

< CONTINUED ON NEXT PAGE >

5

Per the Return, the below image on the left bears the timestamp: 2022-04-03 13:11:38 UTC.  Per the Return, the below image on the right bears the timestamp: 2022-03-23 15:35:40 UTC.

 

Per the Return, the below image was taken on 2022-03-31 at 16:24:09 UTC.  The individual holding the firearm in the below image is consistent in appearance with WHITTER.



Per the Return, the below image bears the timestamp 2022-03-23 14:32:04 UTC:



Below are photographs of the recovered Polymer80 pistol taken by your Affiant on May 4, 2022:





Below are photographs of the recovered drum-type and stick-type magazines recovered in and

with the pistol taken by your Affiant on June 22, 2022:

 

**Examination of Recovered Ammunition**

12.     On June 22, 2022, your Affiant met with Det. 1 to photograph and examine the

ammunition from the satchel FCPD personnel observed WHITTER throw at his arrest.  When

examined by your Affiant, the magazines recovered from the satchel consisted of a stick-type

magazine containing one (1) round of Prvi Partizan brand 9mm Luger caliber ammunition, and a

drum-type magazine containing thirty-eight (38) rounds of assorted brand, 9mm Luger caliber

ammunition.  Your Affiant also photographed and examined seventeen (17) rounds of assorted

brand, 9mm Luger caliber ammunition that had been previously removed[1] from the magazines.

---

[1] Prior to its examination by your Affiant, FCPD personnel removed this ammunition from the
magazines recovered from the satchel and then placed the ammunition in the evidence bag
containing the magazines.

Based on your Affiant's training, knowledge, and experience, the above ammunition was not manufactured in the Commonwealth of Virginia, and, therefore, traveled in and/or affected interstate commerce.

**CONCLUSION**

13.     Based upon the foregoing, I submit that there is probable cause to believe that on or about April 11, 2022, in Fairfax County, Virginia, within the Eastern District of Virginia, Ajee WHITTER possessed ammunition, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

Respectfully submitted,

Samuel F. Supnick, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on August 26, 2022.

John F. Anderson    Digitally signed by John F. Anderson
                    Date: 2022.08.26 15:19:09 -04'00'

Hon. John F. Anderson
United States Magistrate Judge