IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

NOV 17 2022

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:22-cr-195 |
| AJEE WHITTER,<br>a/k/a "Glockz" | |
| *Defendant.* | |

## STATEMENT OF FACTS

The United States and the defendant, Ajee Whitter (a/k/a "Glockz"), agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. On or about April 11, 2022, in Fairfax, Virginia, in the Eastern District of Virginia, the defendant, AJEE WHITTER (a/k/a "Glockz"), knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did unlawfully and knowingly possess, in and affecting interstate commerce, a firearm, to wit: a Polymer 80, model PF940C, semi-automatic handgun bearing no serial number, in violation of Title 18, United States Code, Section 922(g)(1).

1. On April 11, 2022, a Fairfax County Police Department ("FCPD") detective working in an undercover capacity ("UC-1") arranged to purchase cocaine from the defendant. When UC-1 could not get a hold of the defendant by phone, UC-1 contacted an unindicted co-conspirator ("UCC-1") to arrange the transaction. UCC-1 explained that the defendant's phone was broken, and that the defendant was using UCC-1's phone for the time being. UC-1 then arranged to purchase cocaine and fentanyl pills for $500 from the defendant and UCC-1. When

UC-1 arrived at the deal location, he observed the defendant, UCC-1, and another unindicted co-conspirator ("UCC-2") standing together between a gray BMW sedan and a Cadillac Escalade. UC-1 notified UCC-1 of his arrival and the narcotics transaction took place at a nearby parking garage. The narcotics sold to UC-1 were later analyzed at DFS. The alleged cocaine was found to contain no known controlled substances, while the alleged fentanyl pills were found to contain fentanyl, a Schedule II substance.

2. Following the narcotics transaction on April 11th, UCC-1 walked back to the parked vehicles and entered the driver's seat of the BMW sedan. The defendant and UCC-2 entered the Escalade. As the vehicles began to leave the parking lot, FCPD personnel moved in to arrest the defendant, UCC-1, and UCC-2. UCC-1 was taken into custody after ramming a police vehicle and fleeing first in a vehicle and then on foot.

3. FCPD personnel also stopped the Escalade and arrested the defendant and UCC-2. During his arrest, the defendant was observed by an FCPD detective throwing a black satchel into the back of the vehicle. The satchel was found to contain a Polymer 80, model PF940C, semi-automatic handgun bearing no serial number, as referenced in the Criminal Information in this case. The pistol was loaded with a drum-type magazine at the time of its recovery and an additional magazine was located in the satchel. The two magazines were later found to contain a total of approximately fifty-six rounds of assorted brand, 9-millimeter Luger caliber ammunition. The black satchel also contained a white powdery substance that was found to contain no known controlled substances when analyzed by DFS. At the time of his arrest, the defendant was also in possession of the $500 in pre-recorded buy funds from the preceding transaction between UCC-1 and UC-1.

4. At the time of his arrest, UCC-2 was seated in the middle row of the Escalade. An FCPD detective observed UCC-2 bent forward but was unable to see his hands. At UCC-2's feet

and pushed under the front passenger seat was a Glock, model 22, .40 S&W caliber pistol, bearing serial number BGWY915. Next to the firearm was an orange pill bottle containing approximately seventy suspected pressed fentanyl pills. These pills were later analyzed by DFS and found to contain fentanyl, a Schedule II substance.

5. During the course of the investigation in this case, law enforcement identified an Instagram account with the username "professorglockz" as belonging to the defendant. Search warrant returns from this account revealed several photographs of a firearm consistent in appearance with the above-referenced Polymer80 handgun found in the black satchel thrown by the defendant during his arrest. This handgun has several unique characteristics which can be observed in the photographs posted to the defendant's Instagram account, to include a bible verse etched in the grip plug of the handgun. In one of the photographs on the defendant's account, the defendant can be seen holding this handgun. Another photograph depicts the handgun with a drum-type magazine consistent in appearance with the magazine recovered loaded in the handgun.

6. The defendant agrees that he possessed the firearm referenced in the Criminal Information. Moreover, the defendant agrees that he possessed said firearm in and affecting interstate commerce.

7. The defendant was previously convicted of two felony offenses in the Prince William County Circuit Court and was therefore prohibited from possessing a firearm and ammunition. In 2013, the defendant was convicted of felony Grand Larceny, pursuant to Virginia State Code Section 18.2-95, and received a four-year sentence with all four years suspended. Also in 2013, the defendant was convicted of felony Robbery, pursuant to Virginia State Code Section 18.2-58, and received a 20-year sentence with 16.5 years suspended.

8. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to

the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

9. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

10. If the defendant breaches the plea agreement, then pursuant to the plea agreement, he waives any rights under Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Lauren E. Hahn
Special Assistant United States Attorney (LT)

**Defendant's signature:** After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Ajee Whitter, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial the United States would have proved the same beyond a reasonable doubt.

Date: 11/17/22

_____
Ajee Whitter
Defendant

**Defense counsel signature:** I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 11/17/22

_____
Brooke Rupert, Esq.
Counsel for the Defendant